UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LYNEE LISTON-SMITH, et al.<br>　　Plaintiff, | CIVIL ACTION NO.<br>3:16-CV-00510 (JCH) |
| v. | |
| CSAA FIRE & CASUALTY INSURANCE<br>COMPANY<br>　　Defendants. | OCTOBER 25, 2016 |

**RULING RE: MOTION TO DISMISS (DOC. NO. 12)**

## I.  INTRODUCTION

The plaintiffs, Lynne Liston-Smith and John Smith (collectively "the plaintiffs"), filed this action against their homeowner's insurance provider, defendant CSAA Fire & Casualty Insurance Company ("CSAA"), because CSAA failed to pay for damage to the plaintiffs' basement walls that they allege is covered under their homeowner's insurance policy.  The Complaint (Doc. No. 1-1) contains three counts.  The First Count alleges breach of contract; the Second Count alleges a breach of the implied covenant of good faith and fair dealing; and the Third Count alleges that CSAA's claim settlement practices violate the Connecticut Unfair Insurance Practices Act, section 816 of title 38A of the Connecticut General Statutes ("CUIPA"), and the Connecticut Unfair Trade Practices Act, section 110b of title 42 of the Connecticut General Statutes ("CUTPA").

On May 4, 2016, CSAA filed a Motion to Dismiss (Doc. No. 12) Counts Two and Three of the Complaint, arguing that those two counts are legally insufficient and fail to state a claim. More specifically, with regard to Count Two, CSAA argues that the dispute over whether the claim is covered does not, by itself, demonstrate that it acted in bad faith, and that the correspondence, subsequently withdrawn, threatening to

cancel the insurance was unrelated to the claim dispute.  Defs. Mot. At 1-2.  CSAA argues that Count Three fails because the plaintiffs have not alleged sufficient conduct to show a general business practice of unfairly settling claims.  Id. at 2.

For the following reasons, the court GRANTS in part and DENIES in part CSAA's Motion to Dismiss.

## II. FACTUAL ALLEGATIONS

When considering a motion to dismiss, the court must accept all of the allegations contained within the Complaint as true and make all reasonable inferences in favor of the non-moving party.  In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007).

The plaintiffs Lynne Liston-Smith and John Smith own and reside at their home in Toland, Ct.  Compl. at ¶ 1.  The plaintiffs have at all relevant times insured their home through CSAA.  Id. at ¶ 3.  Over time, they noticed cracks in the concrete walls of their basement and decided to hire a structural engineer to inspect those cracks.  Id. at ¶¶ 5-6.  The engineer informed them that the cracks were due to a chemical reaction in the concrete that would ultimately render the walls unstable and recommended that the concrete be replaced.  Id. at ¶ 7.

On September 5, 2015, the plaintiffs made a claim to CSAA for coverage of the damages caused by the chemical reaction based on the report made by the structural engineer.  Id. at ¶ 8.  The claim was based on the terms of the insurance coverage, which specifically stated that one of the "Perils Insured Against" was the "risk of direct physical loss to property."  Id. at ¶ 9.  Additionally, the homeowner's insurance policy covers "collapse," which the plaintiffs contend includes progressive deterioration of the

concrete in the basement walls. Id. at ¶ 11. CSAA disagreed with the plaintiffs, citing contrary policy provisions to deny the claim on October 12, 2015. Id. at ¶¶ 12-13.

On October 26, 2015, CSAA informed the plaintiffs that it was planning on cancelling their insurance coverage if the plaintiffs did not repair their foundation by February 15, 2016. Id. at ¶ 17. CSAA sent this letter despite an order from the Commissioner of the Department of Insurance specifically prohibiting policy cancellations due to the deterioration of concrete in houses like the plaintiffs. Id. at ¶ 18. Ultimately, after counsel and public officials applied pressure, CSAA reversed its position and withdrew its plan to cancel the plaintiffs insurance. Id. at ¶ 19.

Finally, the plaintiffs claim that CSAA violated CUTPA and CUIPA through its participation in an insurance data aggregation organization. Id. at ¶¶ 22, 28-29. CSAA is a member of the Insurance Services Office, Inc. ("ISO"), an organization that collects and shares policy language and claim data between most insurance companies. Id. at ¶ 22. The plaintiffs claim that CSAA, through ISO, has a general business practice of denying claims like the plaintiffs' despite a lack of justifying language in their policy. Id. at ¶¶ 25-27.

### III.   LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the plaintiff must plead a legally cognizable claim through allegations that, if true, would entitle the plaintiff to relief. See Bell Atlantic v. Twombly, 550 U.S. 544, 557 (2007). When considering a motion to dismiss pursuant to Rule 12(b)(6), the court takes the factual allegations made within the Complaint as true, Hemi Grp., LLC v. City of New York, 559 U.S. 1, 5 (2010), and draws all reasonable inferences in the plaintiff's favor, Fulton v. Goord, 591 F.3d 37, 43 (2d Cir. 2009). However, the court's acceptance of the

allegations in a complaint is limited to allegations of facts; the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

Thus, the court must determine whether the plaintiff has pled sufficient "factual content [to] allow the court to draw the reasonable inference that the defendant is liable for the misconduct caused." Id. The notice pleading standard adopted in Rule 8 does not require the Complaint to contain "detailed factual allegations," but it must have more than "naked assertion[s] devoid of further factual enhancement." Id. (internal quotation marks omitted).

**IV. DISCUSSION**

    A.    <u>Plaintiff has failed to state a Claim that CSAA Breached the Implied Covenant of Good Faith and Fair Dealing</u>

In Count Two, the plaintiffs allege that the CSAA breached the implied covenant of good faith and fair dealing. The plaintiffs allege that CSAA acted in bad faith by (1) denying benefits based on alternative, allegedly irrelevant sections of the policy, despite plaintiffs' belief that the policy expressly conferred those benefits, and (2) threatening to cancel the plaintiffs' insurance if the plaintiffs' did not repair the foundation on their own within four months. Compl. at ¶¶ 16-17. CSAA contends that neither of these acts demonstrate the requisite bad faith. The court agrees and therefore grants CSAA's Motion to Dismiss Count Two.

"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement." Warner v. Konover, 210 Conn. 150, 154 (1989). To constitute a violation of the duty of good faith and fair dealing, a party to a contract acts in bad faith when its acts impede the other party's right to receive the benefit of the

agreement.  De La Concha of Hartford, Inc. v. Aetna Life Ins. Co., 269 Conn. 424, 433 (2004).  Bad faith requires more than a dispute over the discretionary application or interpretation of a contract term.  See Celentano v. Oaks Condominium Assn., 265 Conn. 579, 617 (2003).  Bad faith instead refers to "neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive." De La Concha of Hartford, Inc., 269 Conn. at 4.

In the instant matter, the plaintiffs allege that CSAA sought out policy provisions that allowed it to deny benefits and interpreted those provisions unreasonably in bad faith.  However, the plaintiffs' allegations only support the inference that they disagree with CSAA in the interpretation of their contract.  Nothing in the Complaint provides the court with allegations that plausibly support an inference that CSAA acted in bad faith or with a sinister motive.  It does not explain what policy provisions were used unreasonably, how they were applied, or even allege a sinister motive other than a denial of benefits.  Cf. Belz v. Peerless Ins. Co., 46 F. Supp.3d 157, 165 (2014) (denying the motion to dismiss because the complaint specifically laid out the terms of the policy, included as an attachment to the complaint, that were used unreasonably by the insurance company).  The allegation that they acted unreasonably, without more, cannot support an allegation of bad faith.  See Capstone Bldg. Corp. v. Am. Motorists Ins. Co., 308 Conn. 760, 796 (2013) (requiring that the rejected claim be mandatorily covered in the policy in order for the rejection to constitute bad faith); cf. Panciera v. Kemper Independence Ins. Co., No. 3:13-cv-1009, 2014 WL 1690387 at *4 (D. Conn. Apr. 29, 2014) (denying a motion to dismiss because the complaint contains specific

allegations about the defendant's "design to deceive" the plaintiffs using misleading sections of the policy).

The plaintiffs also allege that CSAA threatened to cancel their insurance, despite an order by the Commissioner of the Department of Insurance that specifically prohibited cancellations due to concrete issues. They contend that the correspondence threatening cancellation is further support that CSAA acted in bad faith when it denied their claim. However, the Complaint does not provide the court with sufficient basis to conclude that the threatened cancellation was related to the allegedly sinister claim denial. First, the only damages alleged are those that stem from the breach of contract, and the Complaint makes no allegations that relate the threat of cancellation, whether or not in bad faith, to the breach of contract damages alleged in paragraph 21. Compl.[1] Second, the cancellation letter was withdrawn without effect, and thus there is no plausible inference of damages without more. The plaintiffs do not allege any damages stemming from the threatened cancellation, nor do they explain how the threatened but never effectuated cancellation impeded the plaintiffs' receipt of benefits they were contractually entitled to. Cf. Kowalchuk v. Travelers Pers. Sec. Ins. Co., No. CV116012608, 2014 WL 3397940 at *4 (Conn. Super. Ct. June 4, 2014) (allowing claim that alleges that defendant attempted to force plaintiff into a lesser settlement through the threat of trial). Accordingly, CSAA's Motion to Dismiss Count Two is granted. However, the plaintiff is given leave to amend the Complaint in accordance with this opinion.

---

[1] Additionally, the plaintiffs do not make any reference to the ISO in Count Two and so the court does not consider whether or not CSAA's knowledge about other insurance claims bears on claims that CSAA acted in bad faith. Cf. Panciera, 2014 WL 1690387 at *4.

6

B. <u>The plaintiffs have stated a claim that CSAA violated CUTPA and CUIPA</u>

In Count Three, the plaintiffs allege that CSAA is engaged in a general business practice that is intended to put plaintiffs at a disadvantage in violation of CUIPA and CUTPA. Compl. at ¶¶ 28-29. "A plaintiff may assert a private cause of action based on a substantive violation of CUIPA through CUTPA's enforcement provision." <u>Karas v. Liberty Ins. Corp.</u>, 33 F. Supp. 3d 110, 117 (D. Conn. 2014). In fact, because CUIPA occupies the field of Connecticut public policy regarding insurance practices, any insurance related conduct that does not violate CUIPA cannot violate CUTPA. <u>State v. Acordia</u>, 310 Conn. 1, 37 (2013). A properly stated claim must plausibly allege that the defendant engaged in behavior that is prohibited under CUIPA and that that behavior caused the harm alleged. <u>Belz v. Peerless</u>, 46 F. Supp. 3d. 157, 165 n.1 (2014) (noting that an explicit citation to the specific section violated is unnecessary as long as the pleading alleges sufficient facts to find a violation). The most relevant CUIPA provision to the instant matter is the prohibition of unfair settlement practices. Conn Gen. Stat. § 38a-816(6). In order to support a claim of unfair settlement practices, it is essential that the Complaint allege that the defendant engaged in more than a single unfair act; it must have engaged in the proscribed act often enough that it constitutes a general business practice. <u>Karas</u>, 33 F. Supp. 3d at 117. By narrowing the proscribed conduct to general business practices, "the legislature has manifested a clear intent to exempt from coverage under CUIPA isolated instances of insurer misconduct." <u>Lees v. Middlesex Ins. Co.</u>, 229 Conn. 842, 849 (1994).

Thus, the specific question for the court at this stage is whether the Complaint contains "facially plausible factual allegations that, in the circumstance of the particular

7

case, the defendant has engaged in the alleged wrongful acts enough to suggest it has a general business practice of doing so." Belz, 46 F. Supp. 3d. at 166.

In the instant matter, the plaintiffs allege that CSAA also regularly denies similar claims of concrete deterioration for unjustified reasons in order to place the policyholders at a disadvantage in violation of CUIPA.  Compl. at ¶ 27-28.  The plaintiff's Memorandum cites to multiple Connecticut cases that deny motions to strike based on the use of the plural in the complaint.  See Pls.' Opp. Br. At 9 (citing Kowalchuk, 2014 WL 3397940 at *7-8.  Unfortunately for the plaintiffs, those cases rely on the Connecticut pleading standard, not the heightened federal standard first announced in Twombly.  550 U.S. at 557.  The allegation that CSAA engages in this practice with other claimants, if offered without additional facts in support, would be insufficient to meet the higher threshold demanded in federal court under Iqbal and Twombly.

However, when the Complaint is looked at in its entirety, the necessary additional allegations can be found.  The plaintiffs' opposition memorandum highlights three additional individual matters brought against CSAA, as well as one potential class action that lists CSAA as a defendant.  Pls.' Opp'n Br. (Doc. No. 16) at 9.[2]  Normally, the court is limited to considering only those facts in the Complaint when considering a motion to dismiss.  See Panciera, 2014 WL 1690387 at * 5 n. 4.  However, the court can take judicial notice of facts that are not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be

---

[2] The individual cases are: Cyr, et al. v. CSAA Fire & Cas. Ins. Co., 3:16-cv-85 No. 1 (D. Conn. Jan. 20, 2016); Haugh v. CSAA Fire & Cas. Ins. Co., 3:16-cv-169 No. 1 (D. Conn. Feb. 3, 2016); Makufka, et al. v. CSAA Fire & Cas. Ins. Co., 3:16-cv-567 No. 1 (D. Conn. Apr. 11, 2016). The proposed class action is Halloran, et al. v. Harleysville Preferred Ins. Co., et al., 3:16-cv-133 No. 1 (D. Conn. Jan. 29, 2016).

questioned." Fed. R. Evid. 201(b)(2). "It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)," and the court does so here. Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 76 (2d Cir. 1998). CSAA is listed as a defendant in all of these matters, and as such was aware of them such that the court's reliance is not unfair. These repeated claims that CSAA is unfairly denying claims sufficiently allege a general business practice in violation of CUIPA to survive this Motion to Dismiss.

Additionally, the plaintiffs' Complaint contains further factual allegations that support their claim that CSAA was engaged in a general business practice in violation of CUIPA. The plaintiffs allege that CSAA violated CUIPA and CUTPA by using information received from the ISO to reject plaintiffs' claim and those of others similarly situated. Compl. at ¶ 25. The plaintiffs allege that, through the ISO, CSAA involved itself in an industry-wide practice of denying claims of deteriorating concrete to the disadvantage of the insured, despite knowledge that the claims were meritorious. Id. at 24-25. Such an allegation supports a plausible inference that CSAA has engaged in an unfair settlement practice often enough to constitute a general business practice in violation of CUIPA. Because the court must take as true all factual allegations in the Complaint, and draw all reasonable inferences in favor of the non-moving party, the Motion to Dismiss Count Three is denied. In re NYSE Specialists Sec. Litig., 503 f.3d at 95.

## V. CONCLUSION

For the above-stated reasons, the Motion to Dismiss (Doc. No. 12) is **DENIED** as to Count Three of the Complaint. The court **GRANTS** CSAA's Motion to Dismiss Count Two without prejudice. The court grants plaintiffs leave to amend the pleading

consistent with this Ruling and Federal Rule of Civil Procedure 11.  The plaintiffs may file an Amended Complaint within 14 days of this Ruling.

**SO ORDERED.**

Dated at New Haven, Connecticut this 25th day of October, 2016.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge